**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DARIUS HEIMER GITTENS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-17348 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | |
| RYAN PEPPER, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff, Darius Heimer Gittens ("Plaintiff" or "Gittens"), is a state prisoner currently incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2.)

At this time, this Court must screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether Plaintiff seeks monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint shall be permitted to proceed past screening in part but will be severed in part.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names over fifty Defendants and spans sixty-five pages over 248 paragraphs. Plaintiff alleges numerous claims against various Defendants from different facilities where he has been incarcerated, most notably Northern State Prison ("NSP") and Bayside State Prison

("BSP"). Plaintiff's initial allegations arise from certain Defendants' actions at the NSP. Plaintiff alleges a correctional officer assaulted him while he was incarcerated at NSP. Plaintiff subsequently filed a complaint about this incident, and then followed up with a letter to Defendant Patrick Nogan – Administrator of NSP. However, Plaintiff alleges that Defendant Nogan then ordered his transfer to BSP which was facilitated by Defendant Anthony Gangi. Plaintiff was then subsequently transferred to BSP. He asserts this transfer to BSP was in retaliation for his complaint against the officer at NSP responsible for the assault against him.

In addition to Plaintiff's allegations related to this purported retaliatory transfer, Plaintiff raises a plethora of allegations related to his incarceration at BSP. Among the issues raised with respect to Plaintiff's incarceration at BSP include, but are not limited to the following:

1. Conditions of confinement at BSP;

2. Retaliatory transfers to different units at BSP;

3. Theft of Plaintiff's property;

4. Improper disciplinary charges and proceedings against Plaintiff; and

5. Stolen mail.

For the reasons discussed *infra*, Plaintiff's claims not related to the purported retaliatory transfer of Plaintiff from NSP to BSP will be severed from this action.

### III.    LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.    DISCUSSION

A.    Defendants Nogan & Gangi – Retaliation

Plaintiff sues Defendants Nogan and Gangi for retaliation under the First Amendment. "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal connection between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

4

At this screening stage, Plaintiff has sufficiently alleged a retaliation claim against these two Defendants to permit it to proceed. First, Plaintiff states he made a formal complaint against an officer who assaulted him. The filing of this prison grievance is considered constitutionally protected conduct. *See Laurensau v. Romarowics*, 528 F. App'x 136, 139 (3d Cir. 2013) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373–74 (3d Cir. 1981); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). Second, at this screening stage, this Court will presume without deciding that Plaintiff's transfer to a different prison *could* perhaps constitute an adverse action. *See, e.g., Beckett v. Grant*, No. 19-3717, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022); *Chruby v. Bearjar*, 2018 WL 4537404, at *12 (M.D. Pa. Aug. 27, 2018) (noting that "under some circumstances, a prison transfer may constitute an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights."), *report and recommendation adopted by* 2018 WL 4507599 (M.D. Pa. Sept. 19, 2018).

Finally, with respect to alleging a causal connection, a plaintiff must show that the constitutionally protected conduct was a substantial or motivating factor for the adverse action. *See Velasquez v. Diguglielmo*, 516 F. App'x 91, 95 (3d Cir. 2013) (citations omitted), Such causal connection facts usually fall into one of two categories; namely,

> [t]o establish the requisite causal connection for a retaliation claim predicated on the First Amendment, the plaintiff (here, a prisoner) usually has to prove one of two things: (1) an unusually suggestive time proximity between the protected activity and the allegedly retaliatory action; or (2) a pattern of antagonism coupled with timing to establish a causal link. *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). If neither of these showings is made, then the plaintiff must show that, from the evidence in the record as a whole, the trier of fact should infer causation." *Id.*

*DeFranco v. Wolfe*, 387 F. App'x 147, 154 (3d Cir. 2010). In this case, it appears from the that Plaintiff was transferred to BSP shortly after he filed his complaint against the officer who

purportedly assaulted him such that temporal proximity is applicable. Accordingly, this Court finds such retaliation allegations are sufficient to warrant proceeding this claim against Defendants Nogan and Gangi past screening.[1]

B. Severance of Remaining Claims/Defendants

Plaintiff's complaint contains many unrelated allegations against numerous Defendants that relate primarily to Plaintiff's incarceration at BSP that are simply not related to Plaintiff's retaliation claim against Defendants Nogan and Gangi. A district court may raise the issue of improper joinder *sua sponte. See Chen v. Zhang,* No. 10–6255, 2011 WL 612727, at *2 (E.D. Pa. Feb.10, 2011) (citing Fed. R. Civ. P. 21; *Schulman v. J.P. Morgan Inv. Mgmt., Inc.,* 35 F.3d 799, 804 (3d Cir.1994); *Braverman v. Kaskey, P.C. v. Toidze,* No. 09–3470, 2010 WL 4452390, at *2 (E.D. Pa. Nov.4, 2010)). Federal Rule of Civil Procedure 18(a) states that "[a] party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." In a multi-defendant case like this one, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants. Federal Rule of Civil Procedure 20(a)(2) states:

> Persons ... may be joined in one action as defendants if:
>
> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and
> (B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). *See also McDaniel v. Lanigan,* No. 12–3834, 2012 WL 5880371, at *3 (D.N.J. Nov.21, 2012) (claims by prisoners are not exempt from Rules 18 and 20) (citing *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007)). Rule 20's requirements are to be liberally construed

---

[1] Plaintiff's related state law claim against these two Defendants for retaliation may also proceeded.

in the interest of convenience and judicial economy. *See Paladino v. Newsome,* No. 12–2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012) (citing *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002)). This application though, however liberal, "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill,* 252 F. App'x 436 (3d Cir. 2007) (per curiam); *George,* 507 F.3d 605; *Coughlin v. Rogers,* 130 F.3d 1348 (9th Cir. 1997)).

Plaintiff names Defendants Nogan and Gangi as the Defendants responsible for the purported retaliatory transfer from NSP to BSP. Thereafter, Plaintiff recites intricate facts about his time at BSP which include complaints about the conditions of his confinement, purported improper disciplinary proceedings; retaliatory transfers within units at BSP; theft of property; and stolen mail. As courts have noted, prisoners' attempts to lump numerous grievances about life in a single prison, let along multiple prisons are disfavored. *See McKinney v. Prosecutor's Office*, No. 13-2553, 2014 WL 2574414, at *15 (D.N.J. June 4, 2014); *see also Miller v. Lanigan,* No. 12–4470, 2013 WL 1750138, at *2 (D.N.J. Apr.23, 2013) (stating that a plaintiff cannot "lump" all his challenges into a single pleading in violation of Federal Rules of Civil Procedure 18 and 20).

This Court notes that Plaintiff does appear to allege retaliatory intra-jail transfers at BSP and, as described above, alleges a retaliatory transfer from NSP to BSP against Defendants Nogan and Gangi. However, while the law of retaliation might overlap, it does not appear that Plaintiff's purported intra-BSP transfers related to his grievance regarding the officer's assault at BSP. Thus, this is not enough to join under Rule 20(a)(2) as that Rule requires that a common question is one that is "common to *all* defendants." Only if there is at least one claim properly joining *all* defendants can the plaintiff then invoke Rule 18 to append other claims relating to only *some* defendants. "Despite the broad language of Rule 18(a), plaintiff may join multiple

defendants in a single action only if plaintiff asserts *at least one claim* to relief against *each* of them that arises out of the same transaction or occurrence and presents questions of law or fact common to *all."* 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed.) (emphasis added). Then, and only then, "Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions." *Id.*

There is no single claim that properly joins Defendants Nogan and Gangi with the remaining claims and allegations Plaintiff raises with respect to his time incarcerated at BSP. Thus, his claims are not properly joined.

In case of misjoinder, "a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped 'on such terms as are just'; or (2) any claims against misjoined parties 'may be severed and proceeded with separately.'" *DirecTV, Inc. v. Leto,* 467 F.3d 842, 845 (3d Cir. 2006) (quoting Fed .R. Civ. P. 21). In *DirecTV,* the Third Circuit explained the effect of each of these options:

> When a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice. *Publicker Indus., Inc. v. Roman Ceramics Corp.,* 603 F.2d 1065, 1068 (3d Cir. 1979); *see also Elmore v. Henderson,* 227 F.3d 1009, 1011–12 (7th Cir. 2000) (Posner, J.). When that occurs, the "statute of limitations is not tolled" because we treat the initial complaint "as if it never existed." *Brennan v. Kulick,* 407 F.3d 603, 606 (3d Cir.2005) (internal quotation marks omitted). But when a court "severs a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. *White v. ABCO Eng'g Corp.,* 199 F.3d 140, 145 n.6 (3d Cir. 1999); *Elmore,* 227 F.3d at 1012. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period. *Id.*

> Because a district court's decision to remedy misjoinder by
> dropping and dismissing a party, rather than severing the relevant
> claim, may have important and potentially adverse statute-of-
> limitations consequences, the discretion delegated to the trial judge
> to dismiss under Rule 21 is restricted to what is "just."

*DirecTV,* 467 F.3d at 845.

The applicable statute of limitations for Plaintiff's § 1983 claims is two years. *See*

*Vickers v. Childs,* 530 F. App'x 104, 105 (3d Cir. 2013) (per curiam) (stating that a § 1983 claim

is governed by the applicable state's personal injury statute of limitations and New Jersey has a

two-year statute of limitations for such claims) (citing N.J. Stat. Ann. § 2A:14–2(a)). Dropping

claims poses a genuine risk of dismissal on statute of limitations grounds. That outcome is

unjust.

Thus, aside from Plaintiff's retaliation claims against Defendants Nogan and Gangli, the

remaining Defendants and the claims against them are severed into a new action. Plaintiff has

already successfully applied for *in forma pauperis* status and need not do so again in this newly

opened severed case. However, this Court is mindful that considering this severance, Plaintiff

will have to pay another filing fee in installments through deductions in his prison account.

Recognizing this will be a hardship on Plaintiff, prior to this Court conducting its *sua sponte*

screening of Plaintiff's newly opened case which has been severed from this one, this Court will

give Plaintiff an opportunity to state in that case whether he wishes to proceed. Should Plaintiff

not respond in that case within the time allotted, this Court will presume that Plaintiff does wish

to proceed in the severed case and that severed claims will be screened in due course.

## V.    CONCLUSION

For the following reasons, Plaintiff's retaliation claims against Defendants' Nogan and

Gangi shall proceed past screening. Plaintiff's remaining claims against the remaining

Defendants are severed from this action. The Clerk shall open a new action on these severed

claims. Plaintiff shall have thirty (30) days from the date of this opinion and corresponding order

in which to state in that newly opened case whether he wishes to proceed in that newly filed

severed case. An appropriate order will be entered.


DATED: September 5, 2023                                    s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge